UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOINA PATRASCU, Individually and on behalf of all other similarly situated persons,<br><br>        Plaintiff,<br><br>v.<br><br>FREDERIC FEKKAI NEW YORK LLC,<br><br>        Defendant. | ECF CASE<br><br>No.: _____<br><br><u>COMPLAINT</u><br><br>JURY TRIAL DEMANDED |

<u>NATURE OF THE ACTION</u>

1. Plaintiff Doina Patrascu worked for Defendant Frederic Fekkai New York LLC as a nail technician from 1993 to 2018 at various locations in New York, New York.

2. Plaintiff Patrascu alleges on her behalf and other similarly situated current and former Frederic Fekkai employees and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are entitled to (i) overtime work for which they did not receive overtime premium pay, as required by law, and (ii) liquidated damages under the FLSA, 29 U.S.C. §§201 <u>et</u> <u>seq</u>.

3. Under Fed. R. Civ. P. 23 and the New York Labor Law ("Labor Law"), Plaintiff Patrascu complains on her behalf and a class of other similarly situated current and former Frederic Fekkai employees that they are entitled to: (i) unpaid minimum wages, (ii) overtime work for which they did not receive overtime premium pay, (iii) unlawfully retained gratuities; (iv) penalties for failing to provide the required notice under N.Y. Lab. Law § 195.1, (v) penalties for record keeping violations under N.Y. Lab. Law § 195.3, and (vi) liquidated damages under the Labor Law, as amended by the Wage Theft Prevention Act.

4. Plaintiff Patrascu alleges on her own behalf Labor Law and FLSA retaliation claims.

## JURISDICTION & VENUE

5. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, supplemental jurisdiction over the Labor Law claims under 28 U.S.C. § 1367, and jurisdiction over the FLSA claims under 29 U.S.C. § 216(b).

6. Venue is proper in this District under 28 U.S.C. §1391(b)(2).

7. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8. Plaintiff Patrascu was, at all relevant times, an adult individual, residing in Astoria, New York, County of Queens.

9. Frederic Fekkai is a New York Domestic Limited Liability Company that is organized under New York law and authorized to do business in the State of New York.

10. Upon information and belief, Frederic Fekkai is an enterprise engaged in commerce or in the production of goods for commerce. Frederic Fekkai is engaged in commerce or in the production of goods for commerce, because, inter alia, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and services include computers, hair care products, and nail care products.

## STATEMENT OF FACTS

11. Frederic Fekkai owns and operates high-end hair and nail salons around the United States, with the first location at Bergdorf Goodman Department Store. It also sells its hair care products and third-party products at its salons.

12. Frederic Fekkai employed Plaintiff Patrascu from 1993 to 2018: from 1993 to 1998, she worked at the salon in the Bergdorf Goodman Department Store at 754 5th Avenue,

New York, New York; from 1998 to 2008, at the salon in Chanel store location at 15 E. 57th Street, New York, New York; from 2008 to 2018, at the salon in the now-closed salon in the Henri Bendel store at 712 5th Avenue, New York, New York.

    13.    As a nail technician, her primary duties throughout these years were the same: giving clients manicures, pedicures, and similar nail and feet treatments, and selling third-party products to the clients.

Hours Worked[1]

    14.    The Frederic Fekkai salons are normally open from 8:00 a.m. to 8:00 p.m.

    15.    Frederic Fekkai gave Plaintiff Patrascu a one-hour meal break, which she rarely was able to take uninterrupted.

    16.    From 2013 to 2016, Plaintiff Patrascu's work schedule was five days per week, 8 hours per day, totaling 40 hours. Her hours worked, assuming she was able to take a full meal break, was 35.

    17.    From 2013 to 2016, Plaintiff Patrascu, on average, worked 15 hours above and beyond her regular work schedule 1-2 weeks per month, resulting in her working a minimum of 50 hours those weeks. Plaintiff Patrascu worked these extra hours when clients would ask her to come in on her days off, stay late or come in early.

    18.    From 2017 until her employment was terminated, Plaintiff Patrascu's work schedule was four days per week: Wednesday to Saturday; working Wednesday and Thursday from 11:00 a.m. to 7:00 p.m.; and Friday and Saturday from 10:00 a.m. to 7:00 p.m.

    19.    From 2017 until her employment was terminated, Plaintiff Patrascu was scheduled to and did work, under her regular schedule, 34 hours per week. Her hours worked, assuming she was able to take a full meal break, was 30.

---

[1] The headers are only for organizational purposes.

20. From 2017 until her employment was terminated, Plaintiff Patrascu, on average, worked 15 hours above and beyond her regular work schedule 1-2 weeks per month, resulting in her working a minimum of 45 hours those weeks. Plaintiff Patrascu worked these extra hours when clients would ask her to come in on her days off, stay late or come in early.

21. Frederic Fekkai had no method of tracking the hours Plaintiff Patrascu worked on any given day until approximately 2018 when it installed a touch pad for her to clock in and out.

Compensation

22. The following chart shows the statutory minimum wage and overtime under the Labor Law and FLSA for the relevant time period for New York City employers with 11 or more employees:

|      | FLSA Minimum Wage | Labor Law Minimum Wage | Minimum FLSA Overtime Rate | Minimum Labor Law Overtime Rate |
| ---- | --- | --- | --- | --- |
| 2013 | $7.25 | $7.25 | $10.88 ($7.25 x 1.5) | $10.88 ($7.25 x 1.5) |
| 2014 | $7.25 | $8.00 | $10.88 ($7.25 x 1.5) | $12.00 ($8.00 x 1.5) |
| 2015 | $7.25 | $8.75 | $10.88 ($7.25 x 1.5) | $13.13 ($8.75 x1.5) |
| 2016 | $7.25 | $9.00 | $10.88 ($7.25 x 1.5) | $13.50 ($9.00 x 1.5) |
| 2017 | $7.25 | $11.00 | $10.88 ($7.25 x 1.5) | $16.50 ($11.00 x 1.5) |
| 2018 | $7.25 | $13.00 | $10.88 ($7.25 x 1.5) | $19.50 ($13.00 x. 1.5) |
| 2019 | $7.25 | $15.00 | $10.88 ($7.25 x 1.5) | $22.50 ($15.00 x 1.5) |

23. From 2013 to 2016, Frederic Fekkai paid Plaintiff Patrascu solely on a commission basis, equaling 45% of the total price for the services she performed and products she sold.

24. Plaintiff Patrascu received, on average, $500 per week in commissions.

25. When being paid strictly commissions, Frederic Fekkai did not give Plaintiff Patrascu a commission sales agreement or any document showing how her commissions were calculated.

-4-

26. When being paid strictly commissions, Frederic Fekkai did not ensure her effective hourly rate equaled the statutory minimum wage, including tracking her hours worked and dividing those hours by the commissions she received.

27. When being paid strictly commissions, Frederic Fekkai did not ensure her effective hourly rate equaled 1.5 times the statutory minimum for every hour she worked above 40 in a week, including tracking her hours worked and dividing those hours by the commissions she received.

28. Between 2013 and 2016, for the weeks she worked 50 hours, Plaintiff Patrascu's effective hourly rate for all those hours was $10.00 ($500/50 hours).

29. Between 2013 and 2016, for the weeks she worked 50 hours, Plaintiff Patrascu's effective hourly rate was below the minimum overtime rate under the Labor Law for every year and below the FLSA's minimum overtime rate.

30. Beginning in 2017, Frederic Fekkai paid Plaintiff Patrascu an hourly rate: $11.00 for 2017; and $13.00 for 2018.

31. When paying her an hourly rate, Frederic Fekkai paid her only for her scheduled hours.

32. By paying her for only her scheduled hours, her effective hourly rate was below the Labor Law's statutory minimum.

33. In 2017, by paying her only for 30 hours at $11.00 per hour when she was working 45 hours, $7.33 ($330/45) was her effective hourly rate.

34. In 2018, by paying her only for 30 hours at $13.00 per hour when she was working 45 hours, $8.66 ($390/45) was her effective hourly rate.

35. When paying her an hourly rate, Frederic Fekkai did not pay Plaintiff Patrascu for the hours she actually worked before, during and after her scheduled hours.

36. When paying her an hourly rate, for the hours worked that it paid her, Frederic Fekkai paid her regular hourly rate.

37. When paying her an hourly rate, for the hours worked that it paid her, Frederic Fekkai did not pay Plaintiff Patrascu overtime premium pay for any hour she worked over 40 hours in week.

38. Frederic Fekkai paid Plaintiff Patrascu her regular rate of pay for all hours worked.

39. Plaintiff Patrascu regularly received gratuities from her clients, which they paid exclusively with cash.

40. The clients paid these gratuities believing 100% of them would go to Plaintiff Patrascu.

41. Plaintiff Patrascu did not receive 100% of the gratuities that clients gave her.

42. Frederic Fekkai's managers regularly kept 6% of the gratuities.

43. Throughout her employment, Frederic Fekkai deducted a percentage of her wages for work supplies – despite not receiving her authorization for this deduction.

Record Keeping Violations

44. Frederic Fekkai never provided Plaintiff Patrascu the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 between January 1 and February 1 of each year since 2012.

45. The wage statement Frederic Fekkai provided Plaintiff Patrascu did not list her correct hours.

46. Frederic Fekkai paid Plaintiff Patrascu every other week, not weekly.

Retaliation

47. Up through her employment being terminated, Plaintiff Patrascu complained to her managers about the company retaining her tips.

48. In retaliation for her complaints, Frederic Fekkai management purposely did not schedule her client appointments, resulting in her losing approximately $1,000 per week in lost commissions.

49. Following the closing of the Henri Bendel store, nail technicians were being relocated to a new salon.

50. Frederic Fekkai did not give Plaintiff Patrascu a space to work at the new salon.

51. Frederic Fekkai, in retaliation for her complaining about her tips, fired Plaintiff Patrascu.

52. Frederic Fekkai similarly fired another nail technician who also complained about her compensation.

Other victims

53. From speaking with them and observing them, Plaintiff Patrascu knows that other nail technicians who Frederic Fekkai employed worked similar hours as her, were paid under the same compensation policies, were not paid minimum wage and were similarly not paid overtime premium pay.

54. At any one time, at least 6 nail technicians are working at each location.

55. If staffing required it, a nail saloon technician would be reassigned from one saloon to another.

COLLECTIVE ACTION ALLEGATIONS

56. Under 29 U.S.C. §207, Plaintiff Patrascu seeks to prosecute her FLSA claims as a collective action on behalf of all persons Frederic Fekkai employed and is employing as nail

technicians at any time since February 13, 2016 to the entry of judgment in this case (the "Collective Action Period") who were not paid the minimum wage, who were not paid for all hours worked, or who were not paid overtime compensation at rates not less than 1.5 times the regular rate of pay for hours worked in excess of 40 per workweek (the "Collective Action Members").

57. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown to Plaintiff Patrascu and the facts to calculate that number are presently within the sole control of Frederic Fekkai, upon information and belief, approximately 25 Collective Action Members exist during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

58. Plaintiff Patrascu and the Collective Action Members are similarly situated on several legal and fact issues, including:

    a. Frederic Fekkai employed the Collective Action Members within the meaning of the FLSA;

    b. Frederic Fekkai failed to keep true and accurate time records for all hours Plaintiff Patrascu and the Collective Action Members worked;

    c. Frederic Fekkai failed to pay Plaintiff Patrascu and the Collective Action Members minimum wage, for all hours worked and overtime premium pay, violating the FLSA and the regulations promulgated thereunder; and

    d. Frederic Fekkai willfully violated the FLSA.

CLASS ACTION ALLEGATIONS

59. Plaintiff Patrascu sues on her behalf and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

60. Plaintiff Patrascu brings her Labor Law claims on behalf of all persons who Frederic Fekkai is employing and has employed as nail technicians at any time since February 13, 2013, to the entry of judgment in this case (the "Class Period"), who were not paid the minimum wage, who were not paid for all hours worked, who were not paid or overtime compensation at rates not less than 1.5 times the regular rate of pay for hours worked in excess of 40 per workweek, who did not receive the required notice under N.Y. Lab. Law § 195.1, and who did not receive the required statement with wage payment under N.Y. Lab. Law § 195.3 (the "Class Action Members").

61. The Class Action Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown to Plaintiff Patrascu and the facts to calculate that number are presently within the sole control of Frederic Fekkai, upon information and belief, approximately 45 Class Action Members exist during the Class Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

62. Plaintiff Patrascu's claims are typical of Class Action Members' claims, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

63. Frederic Fekkai has acted or refused to act on grounds generally applicable to the Class Action Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

64. Plaintiff Patrascu is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

65. Plaintiff Patrascu has the same interest in this matter as all other Class Action Members and her claims are typical of the Class Action Members.

66. Common questions of law and fact exist as to the Class Action Members that predominate over any questions solely affecting individual Class Action Members, including but not limited to:

   a. whether Frederic Fekkai employed Plaintiff Patrascu and the Class Action Members within the meaning of the Labor Law;

   b. whether Frederic Fekkai failed to keep true and accurate time records for all hours Plaintiff Patrascu and the Class Action Members worked;

   c. whether Frederic Fekkai failed to post or keep posted a conspicuous notice explaining the minimum wages and overtime pay rights provided by the Labor Law in any area where Plaintiff Patrascu and the Class Action Members are or were employed, violating the Labor Law;

   d. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

   e. whether Frederic Fekkai failed to pay Plaintiff Patrascu and the Class Action Members the statutory minimum wage under the Labor Law;

   f. whether Frederic Fekkai failed to pay Plaintiff Patrascu and the Class Action Members for all hours worked under the Labor Law;

   g. whether Frederic Fekkai failed to pay Plaintiff Patrascu and the Class Action Members overtime premium pay for hours worked in excess of 40 hours per workweek under the Labor Law;

   h. whether Frederic Fekkai failed to post the notice required by N.Y. Lab. Law § 198-d;

   i. whether Frederic Fekkai failed to provide Plaintiff Patrascu and the Class Action Members Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1

   j. whether Frederic Fekkai failed to provide Plaintiff Patrascu and the Class Action Members the required statement with each wage payment under N.Y. Lab. Law § 195.3;

   k. whether Frederic Fekkai misclassified Plaintiff Patrascu and the Class Action Members as exempt from overtime;

   l. whether Frederic Fekkai is liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

   m. whether Frederic Fekkai should be enjoined from such violations of the Labor Law in the future

FIRST CAUSE OF ACTION
UNPAID OVERTIME UNDER THE FLSA
ON BEHALF OF PLAINTIFF PATRASCU AND THE COLLECTIVE ACTION MEMBERS

 67. Plaintiff Patrascu repeats every preceding allegation as if set forth fully herein.

 68. Plaintiff Patrascu consents in writing to be a party to this action under 29 U.S.C. §216(b), which is attached to this Complaint and incorporated by reference.

 69. Frederic Fekkai has been and continues to be, an employer engaged in interstate commerce or the production of goods for commerce under the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

 70. Frederic Fekkai employed, or continues to employ, Plaintiff Patrascu and the Collective Action Members within the meaning of the FLSA.

 71. Frederic Fekkai was required to pay Plaintiff Patrascu and the Collective Action Members no less than 1.5 times the regular rate at which they were employed for all hours

worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

72. At all relevant times, Frederic Fekkai had a policy and practice of refusing to pay its employees overtime compensation to its employees for their hours worked in excess of 40 hours per workweek.

73. At all relevant times, Frederic Fekkai had a policy and practice of refusing to pay its employees for all hours worked over 40 per workweek, violating the FLSA and it regulations, including 29 C.F.R. §§ 785.13, 785.11.

74. Frederic Fekkai was aware or should have been aware that the practices described in this Complaint were unlawful, making its violations willful or reckless.

75. Frederic Fekkai has not made a good faith effort to comply with the FLSA with respect to Plaintiff Patrascu and the Collective Action Members' compensation.

76. Because Frederic Fekkai's violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255 and should be equitably tolled between the filing of this lawsuit and when the Court conditionally certifies the collective action.

77. Frederic Fekkai has failed to make, keep and preserve records with respect to its employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1), 215(a) and 216(b).

78. As a result of Frederic Fekkai's FLSA violations, Plaintiff Patrascu and the Collective Action Members have suffered damages by being denied overtime pay in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b), and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
UNPAID MINIMUM WAGE UNDER THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF PATRASCU AND THE CLASS ACTION MEMBERS

79. Plaintiff Patrascu repeats every preceding allegation as if set forth fully herein.

80. Fredric Fekkai is an "employer" under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiff Patrascu and the Class Action Members.

81. Frederic Fekkai was required to pay Plaintiff Patrascu and the Class Action Members the minimum wage for all hours worked.

82. Frederic Fekkai knowingly failed to pay Plaintiff Patrascu and the Class Action Members the minimum wage to which they were entitled, violating N.Y. Lab. Law § 652.1.

83. Frederic Fekkai's unlawful conduct has been willful and intentional. It was aware or should have been aware that its wage practices were unlawful.

84. Due to Frederic Fekkai's Labor Law violations, Plaintiff Patrascu and the Class Action Members are entitled to recover from Frederic Fekkai their unpaid wages, liquidated damages, reasonable attorneys' fees, costs and pre and post-judgment interest.

## THIRD CAUSE OF ACTION
UNPAID OVERTIME UNDER THE NEW YORK LABOR LAW
ON BEHALF OF PLAINTIFF PATRASCU AND THE CLASS ACTION MEMBERS

85. Plaintiff Patrascu repeats every preceding allegation as if set forth fully herein.

86. Frederic Fekkai is an employer under Labor Law §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiff Patrascu and Class Action Members.

87. Under the Labor Law and supporting New York Statement Department of Labor Regulations, Frederic Fekkai was required to pay Plaintiff Patrascu and Class Action Members 1.5 times their regular rate of pay for all hours they worked in excess of 40.

88. Frederic Fekkai failed to pay the Class Action Members overtime premium pay for any hour they worked above 40 in a week, violating the Labor Law. 12 N.Y.C.R.R. § 142-2.2.

89. Frederic Fekkai failed to compensate Plaintiff Patrascu and Class Action Members at their overtime premium rate for any hour worked in excess of 40 per week.

90. At all relevant times, Frederic Fekkai had a policy and practice of refusing to pay its employees for all hours worked over 40 per workweek, violating Labor Law and it regulations, including 12 N.Y.C.R.R. §§ 146-1.2, 1.4.

91. Frederic Fekkai has willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Patrascu and Class Action Members the correct amount of overtime wages.

92. Due to Frederic Fekkai's Labor Law violations, Plaintiff Patrascu and Class Action Members are entitled to recover from Frederic Fekkai their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest. N.Y. Lab. Law § 663.

FOURTH CAUSE OF ACTION
UNLAWFULLY RETAINED GRATUITIES UNDER THE NEW YORK LABOR LAW ON
BEHALF OF PLAINTIFF PATRASCU AND THE CLASS ACTION MEMBERS

93. Plaintiff Patrascu repeats every preceding allegation as if set forth fully herein.

94. The gratuities customers paid belong to the Class Action Members under N.Y. Lab. Law § 196-d.

95. Frederic Fekkai has willfully violated N.Y. Lab. Law § 196-d by unlawfully retaining a portion of the gratuities that should be remitted to the Class Action Members.

96. Due to Frederic Fekkai's Labor Law violations, Plaintiff Patrascu and the Class Action Members are entitled to recover from Frederic Fekkai their unlawfully retained gratuities,

statutory liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.dd

## FIFTH CAUSE OF ACTION
### FAILURE TO PROVIDE THE N.Y. LAB. LAW § 195.1 NOTICE
### ON BEHALF OF PLAINTIFF PATRASCU AND THE CLASS ACTION MEMBERS

97.     Plaintiff Patrascu repeats every preceding allegation as if set forth fully herein.

98.     From 2011 to 2015, Frederic Fekkai willfully failed to supply the Class Action Members with the required Notice and Acknowledgment of Pay Rate and Payday between January 1 and February 1, violating N.Y. Lab. Law § 195.1.

99.     From 2016 to the present, Frederic Fekkai willfully failed to supply the Class Action Members with the required Notice and Acknowledgment of Pay Rate and Payday at the time of hire or on any subsequent date, violating N.Y. Lab. Law § 195.1.

100.    Due to Frederic Fekkai's violations of N.Y. Lab. Law § 195.1 on or before February 27, 2015, Plaintiff Patrascu and the Class Action Members are entitled to recover $100.00 for each work week that the violations occurred or continue to occur, or a total of $2,500.00, as provided for by N.Y. Lab. Law § 198(1)-b (2015), reasonable attorneys' fees, costs, injunctive and declaratory relief.

101.    Due to Frederic Fekkai's violations of N.Y. Lab. Law § 195.1 on or after February 27, 2015, Plaintiff Patrascu and the Class Action Members are entitled to recover $50.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-b (2016).

## SIXTH CAUSE OF ACTION
### FAILURE TO PROVIDE THE N.Y. LAB. LAW § 195.3 NOTICE ON BEHALF OF
### PLAINTIFF PATRASCU AND THE CLASS ACTION MEMBERS

102.    Plaintiff Patrascu repeats every preceding allegation as if set forth fully herein.

103. Frederic Fekkai has willfully failed to supply Plaintiff Patrascu and the Class Action Members with the required statement with every payment of wages, violating N.Y. Lab. Law § 195.3.

104. Due to Frederic Fekkai's violations of N.Y. Lab. Law § 195.3 on or before February 27, 2015, Plaintiff Patrascu and the Class Action Members are entitled to recover $100.00 for each work week that the violations occurred or continue to occur, or a total of $2,500.00, as provided for by N.Y. Lab. Law § 198(1)-d (2015), reasonable attorneys' fees, costs, injunctive and declaratory relief.

105. Due to Frederic Fekkai's violations of N.Y. Lab. Law § 195.3 on or after February 27, 2015, Plaintiff Patrascu and the Class Action Members are entitled to recover $250.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-d (2016).

<u>SEVENTH CAUSE OF ACTION</u>
RETALIATION UNDER THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF PATRASCU

106. Plaintiff Patrascu repeats every preceding allegation as if set forth fully herein.

107. Plaintiff Patrascu is an employee within the meaning of N.Y. LAB. LAW § 215.

108. Frederic Fekkai is an employer under N.Y. LAB. LAW § 215.

109. Plaintiff Patrascu's complaints to her managers about them keeping some of her tips constitutes protected activity under the Labor Law.

110. Because of her complaints, Frederic Fekkai did not schedule her as many clients as other technicians and terminated her employment.

111.   A causal connection exists between Plaintiff Patrascu's complaints and Frederic Fekkai not scheduling her and terminating her employment, constituting unlawful retaliation under N.Y. LAB. LAW § 215.

112.   Due to Frederic Fekkai's Labor Law violations, Plaintiff Patrascu is entitled to recover from Frederic Fekkai compensatory damages, liquidated and/or punitive damages, reasonable attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

EIGHTH CAUSE OF ACTION
RETALIATION UNDER THE FAIR LABOR STANDARDS ACT ON BEHALF OF
PLAINTIFF PATRASCU

113.   Plaintiff Patrascu repeats every preceding allegation as if set forth fully herein.

114.   Plaintiff Patrascu is an employee under 29 U.S.C. § 215(a)(3) of the FLSA.

115.   Frederic Fekkai is an employer under 29 U.S.C. § 215(a)(3) of the FLSA.

116.   Plaintiff Patrascu's complaints about her tips constitutes protected activity under the FLSA.

117.   A causal connection exists between Plaintiff Patrascu's complaints and Frederic Fekkai not scheduling her and terminating her employment, constituting unlawful retaliation under 29 U.S.C. § 215(a)(3).

118.   Due to its FLSA violations, Plaintiff Patrascu is entitled to recover from Frederic Fekkai compensatory damages, punitive damages, reasonable attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

WHEREFORE, Plaintiff Patrascu, on her behalf and the Class and Collective Action Members, respectfully requests this Court grant the following relief:

    a. Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Action Members and appointing Plaintiff Patrascu and her counsel to represent the Class Action Members;

    b. Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff Patrascu and her counsel to represent the Collective Action Members and tolling of the statute of limitations;

    c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

    d. An injunction against Frederic Fekkai and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

    e. An award for unpaid minimum wage under the Labor Law and the FLSA;

    f. An award for unpaid overtime premium pay under the Labor Law and the FLSA;

    g. An award for unlawfully retained gratuities under the Labor Law;

    h. An award for failing to provide the Notice and Acknowledgment of Pay Rate and Payday under N.Y. Lab. Law § 195.1;

    i. An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

    j. An award of liquidated damages as a result of Frederic Fekkai's Labor Law violations;

      k.      An award of liquidated damages as a result of Frederic Fekkai's willful FLSA violations;

      a.      An award of compensatory and punitive damages for Frederic Fekkai's unlawful retaliatory conduct;

      b.      Equitably tolling the statute of limitations under the FLSA;

      c.      An award of pre-judgment and post-judgment interest;

      d.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

      e.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Patrascu demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
       February 13, 2019

                LIPSKY LOWE LLP

                s/ Douglas B. Lipsky
                Douglas B. Lipsky
                Christopher H. Lowe
                630 Third Avenue, Fifth Floor
                New York, New York 10017-6705
                Tel: 212.392.4772
                Fax: 212.444.1030
                doug@lipskylowe.com
                chris@lipskylowe.com

## CONSENT TO BECOME PARTY PLAINTIFF

1. I consent to be a party plaintiff in a lawsuit against Frederic Fekkai New York and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) and/or state law.

2. By signing and returning this consent form, I hereby designate Lipsky Lowe LLP to represent me in this lawsuit and to make decisions on my behalf concerning the litigation and any settlement. I also authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Lipsky Lowe LLP concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_____          01-10-2019
Signature                                 Date

DOINA PATRASCU
Print Name