```
                                                              USDC SDNY
                                                              DOCUMENT
UNITED STATES DISTRICT COURT                                  ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                                 DOC #:_____
-------------------------------------------------------------- X  DATE FILED:  5/19/2020
DOINA PATRASCU and MARIANA BABES,              :
                                               :
                          Plaintiffs,          :
                                               :
           -against-                           :              19-CV-1376 (VEC)
                                               :
                                               :              ORDER
FREDERIC FEKKAI NEW YORK LLC,                  :
                                               :
                          Defendant.           :
-------------------------------------------------------------- X
```

VALERIE CAPRONI, United States District Judge:

WHEREAS counsel for the parties submitted proposed settlement agreements, with a supporting letter and documentation, (Dkt. 34) for the Court's approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015);

WHEREAS the proposed settlement provides for a recovery of $45,000 to Plaintiff Patrascu, with a third ($15,400) apportioned to counsel (Letter at 4 & Ex. A ¶¶ 1, 3);

WHEREAS Plaintiff Patrascu alleges that she is owed approximately $17,400 in unpaid wages and $76,375 in unlawfully retained gratuities (Letter at 2);

WHEREAS the Court finds that Mr. Lipsky's rate of $400 per hour is reasonable and that Ms. Isaacson's rate of $300 per hour is unreasonable (Letter at 9 & Ex. C);

WHEREAS the Court finds that $250 per hour for Ms. Isaacson's work would be reasonable, *see Lazo v. Kim's Nails at York Ave., Inc.*, No. 17-CV-3302, 2019 WL 95638, at *2 & n.1 (S.D.N.Y. Jan. 2, 2019) (reducing partner rate to $400/hour, rate of associate with approximately six-years of experience to $275/hour, and approving Ms. Isaacson's rate of $175/hour at Michael Faillace & Associates, P.C.);

WHEREAS the Court finds that the hours expended in this matter are slightly high, for example more than ten hours were spent drafting the parties' *Cheeks* motion (Ex. C);

WHEREAS the Court finds that the lodestar multiplier, accounting for the above adjustments, is reasonable, considering that the multiplier is less than two, *see Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) ("[A] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases.");

WHEREAS the Court finds that Plaintiff Patrascu's decision to prioritize a quick recovery to focus on addressing a recent medical diagnosis counsels in favor of the settlement's reasonableness (Letter at 4);

WHEREAS the Court finds that this action posed more complexity than the run-of-the-mill wage-and-hours case due to the contested retaliation and unlawfully retained gratuities allegations (Am. Compl. (Dkt. 17), Letter at 1-2, 4);

WHEREAS the Court finds that the provision requiring payment of the full settlement amount to Plaintiff Patrascu within 21 days counsels in favor of reasonableness (Ex. A ¶ 2);

WHEREAS the Court finds that paragraph 5 functions as an unreasonable general release (Exs. A & B ¶ 5), contrary to the parties' representation that the settlement agreements contain only a limited release (Letter at 7);

WHEREAS the Court finds that the non-disparagement clause in paragraph 7 is reasonable because it contains a carve-out for discussing this action (Exs. A & B ¶ 7), *see Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 n.65 (S.D.N.Y. 2015) (discussing reasonable scope of non-disparagement provisions);

WHEREAS the Court finds that the non-disparagement clause in paragraph 10 unreasonably limits and compels the content of Plaintiffs' speech because it lacks the same

carve-out provision as in paragraph 7 (Exs. A & B ¶ 10), contrary to the parties' representation that the settlement agreements contain no such clause (Letter at 7);

WHEREAS the Court finds that paragraph 8 contains an unreasonable agreement that Defendant "paid [the plaintiff] correctly in accordance with all applicable wage and hour laws," which conflicts with Plaintiffs' positions in this lawsuit (Ex. A & B ¶ 8);

WHEREAS the proposed settlement provides for a recovery of $1,750 for Plaintiff Babes, with $0 apportioned to counsel (Letter at 4 & Ex. B ¶¶ 1, 3);

WHEREAS Plaintiff Babes alleges that she is owed $470.45 in unpaid wages and $54,950 in unlawfully retained commissions (Letter at 3); and

WHEREAS counsel represent that documents produced in discovery demonstrate that Defendant compensated Plaintiff Babes in accordance with the law and consequently she likely would not be awarded any damages at trial (Letter at 6);

IT IS HEREBY ORDERED that the settlement agreements (Exs. A & B) are not approved as fair and reasonable.  The Court would be prepared to approve settlement agreements that do not contain a general release (¶ 5); do not contain a non-disparagement clause that prevents Plaintiffs from making truthful statements related to this action (¶ 10); and do not contain an agreement that Plaintiffs were paid in accordance with the law or, alternatively, accounts for Plaintiffs' positions in this action (¶ 8).

**SO ORDERED.**

**Date:  May 19, 2020**
         **New York, NY**

                                        _____
                                        **VALERIE CAPRONI**
                                        **United States District Judge**